UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ALYSSA STREB,

        Plaintiff,

v.                                      Case No. 26-CV-287

BHP, INC. d/b/a GLOBAL POWER COMPONENTS,

        Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages and equitable relief arising from Defendant's unlawful discrimination against Plaintiff on the basis of her pregnancy, and for Defendant's interference with and retaliation for Plaintiff's exercise of rights protected by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

2. Defendant terminated Plaintiff's employment less than a week before her scheduled return from her FMLA-protected maternity leave because of her pregnancy and associated FMLA leave, treating her less favorably than employees who were not pregnant and who did not take maternity leave.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k) and the FMLA, 29 U.S.C. § 2617.

4. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendant conducts business in this District and the unlawful employment practices occurred within this District.

### III. PARTIES

6. Plaintiff Alyssa Streb is an individual residing in the State of Wisconsin and was, at all relevant times, an employee of Defendant.

7. Defendant, BHP, Inc. d/b/a Global Power Components, is a corporation doing business in Wisconsin and is an "employer" within the meaning of Title VII and the FMLA.

### IV. FACTUAL ALLEGATIONS

11. Plaintiff began working for Defendant on June 13, 2022, as an Executive Assistant and Nanny.

12. Throughout her employment, Plaintiff consistently met or exceeded Defendant's legitimate expectations and never received a negative performance evaluation, disciplinary action, or warning that her job was in jeopardy.

13. Plaintiff was well-qualified for her role, and more qualified than her similarly situated peers.

14. In June of 2025, Plaintiff informed Defendant that she was pregnant and that she would require maternity leave.

15. Plaintiff was eligible for and exercised her right to take FMLA-protected leave beginning on October 8, 2025.

16. Plaintiff's maternity leave qualified as protected leave under the FMLA.

17. Plaintiff's maternity leave was scheduled to end on December 31, 2025, and she was scheduled to return to work on January 5, 2026.

18. On December 30, 2025, while Plaintiff was still on her FMLA-approved leave, Defendant informed Plaintiff that her position was being eliminated because it was no longer necessary.

19. Upon information and belief, Plaintiff's role continued to be performed by others who were similarly situated to Plaintiff but were less qualified than Plaintiff.

20. Defendant's stated reason for terminating Plaintiff was false and pretextual.

21. Defendant's actions were motivated by Plaintiff's pregnancy and use of FMLA leave.

V. CLAIMS FOR RELIEF

COUNT I
Pregnancy Discrimination
(Title VII, as amended by the Pregnancy Discrimination Act)
42 U.S.C. §§ 2000e et seq. and 2000e(k)

22. Plaintiff realleges and incorporates paragraphs 1–21 as if fully set forth herein.

23. Plaintiff was pregnant, gave birth, and experienced related medical conditions protected under the Pregnancy Discrimination Act.

24. Plaintiff was qualified to perform her job before, during, and after her pregnancy and maternity leave.

25. Defendant subjected Plaintiff to adverse employment actions by terminating her employment.

26. Defendant treated Plaintiff less favorably than employees who were not pregnant and who did not take maternity leave.

27. Defendant relied on stereotypes and animus regarding pregnancy, childbirth, and motherhood.

28. Defendant's conduct violated the Pregnancy Discrimination Act.

29. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

## COUNT II
## FMLA Interference
## 29 U.S.C. § 2615(a)(1)

30. Plaintiff realleges and incorporates paragraphs 1–21 as if fully set forth herein.

31. Plaintiff was eligible for and exercised her right to take FMLA leave.

32. Defendant interfered with Plaintiff's FMLA rights by failing to restore her to the same or an equivalent position and by using her leave as a negative factor in employment decisions.

33. Defendant's conduct violated the FMLA.

## COUNT III
## FMLA Retaliation
## 29 U.S.C. § 2615(a)(2)

34. Plaintiff realleges and incorporates paragraphs 1–21 as if fully set forth herein.

35. Plaintiff engaged in protected activity by taking FMLA leave.

36. Defendant subjected Plaintiff to adverse employment actions, including termination.

37. Defendant's adverse actions were causally related to Plaintiff's use of FMLA leave.

38. Defendant retaliated against Plaintiff in violation of the FMLA.

## VI. DAMAGES

39. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, and other compensatory damages.

40. Defendant acted intentionally, willfully, and with reckless disregard for Plaintiff's federally protected rights.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff on all counts;

B. Declare Defendant's conduct unlawful;

C. Award back pay, front pay, and lost benefits;

D. Award compensatory and liquidated damages as permitted by law, including but not limited to liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

E. Order reinstatement or appropriate equitable relief;

F. Award reasonable attorneys' fees and costs;

G. Award pre- and post-judgment interest; and

H. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 20th day of February, 2026.

Respectfully submitted,

<u>Electronically signed by Nicholas O. Yurk</u>
Nicholas O. Yurk, SBN: 1095278
Alan C. Olson, SBN: 1008953
Alan C. Olson & Associates, S.C.
2880 South Moorland Road
New Berlin, WI 53151
Phone: (262) 785-9606
Email: NYurk@Employee-Advocates.com

Attorneys for Plaintiff